UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Carrie Lester,<br><br>      Plaintiff,<br><br>vs.<br><br>Complete Payment Recovery Services, Inc.<br><br>      Defendant. | Case No: 1:12-cv-0020 |

**COMPLAINT SEEKING DAMAGES FOR VIOLATION OF
THE FAIR DEBT COLLECTION PRACTICES ACT**

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

### Jurisdiction

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

3. Venue is proper in this Judicial District

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. The Defendant transacts business in this Judicial District.

### Parties

7. Plaintiff Carrie Lester is a natural person.

8. The Plaintiff is a "consumer" as that term is defined by § 1692a.

9. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

10. The Defendant, Complete Payment Recovery Services, Inc., (hereinafter referred to as "Defendant"), is a debt collection agency operating from an address at 11601 Roosevelt Blvd., N., St. Petersburg FL 33716.

11. The principal purpose of Defendant is the collection of debts using the mails and telephone.

12. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

14. The Defendant Complete Payment Recovery Services, Inc., is a debt collection agency attempting to collect a debt from Plaintiff.

15. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

16. The debt owed by Plaintiff went into default.

17. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

18. The Plaintiff disputes the debt.

19. The Plaintiff requests that the Defendant cease all further communication on the debt.

20. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

21. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

22. The Plaintiff has received numerous voicemail messages from Defendant. See Plaintiff's Affidavit attached hereto as *Exhibit "A"*.

23. The voicemail messages from the Defendant contain the following language: "Please call Complete Payment Recovery Services at 866-324-3120.  Again,

please call Complete Payment Recovery Services at 866-324-3120. Thank you for returning our call." *See Exhibit "A"*.

24. The calls made by Defendant to Plaintiff have come at a consistent and harassing pace.

25. The voicemail messages do not contain the mini-miranda.

26. The notice required by 15 U.S.C. § 1692e was not effectively provided in the communication to the Plaintiff. See *Phillips v. Amana Collection Servs.*, 1992 WL 227839 (W.D.N.Y. Aug. 25, 1992)("1692e(11) requires a debt collector 'disclose clearly in all communications made...that the debt collector is attempting to collect a debt...'"); *Read v. Amana Collection Servs.*, 1991 U.S. Dist. LEXIS 21773 (W.D.N.Y. Jan. 15, 1991)(placing the required notice on the back without any reference on the front of the letter is effectively no notice at all); *Butler v. International Collection Ser., Inc*., 1989 U.S. Dist. LEXIS 19102 (D. Conn. June 6, 1989)(placing the word "over" in light print on the front of the letter does not clearly reference the required information printed on the back of the letter); *Garrick v. Hospital Collection Services*, 1990 U.S. Dist. LEXIS 20961 (D. Conn. January 31, 1991)("the presence and meaning of the required disclosures must be clear to the least sophisticated reader", at 6, quoting *Trombly v. State Credit Adjustment Bureau, Inc.*, 1984 U.S. Dist. LEXIS 24874, at 6); Seegraves v. International Collection Service, Inc., 1994 U.S. Dist. LEXIS 8611 (E.D. Mich. April 21, 1994)("Section 1692e(11) requires a debt collector to 'disclose clearly in all Communications made to collect a debt...that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose'" quoting the language of § 1692e(11), at 3.).

27. At some point the Plaintiff, or her representative, identified Attorney John Steinkamp as representing Plaintiff in regards to this debt, yet the Defendant has continued to contact Plaintiff to collect a debt.

## First Claim for Relief:
## Violation of the FDCPA

1. The allegations of Paragraphs 1 through 27 of the complaint are realleged and incorporated herewith by references.

2. The Defendant violated the FDCPA by failing to notify Plaintiff that the voicemail message was a communication from a debt collector in an attempt to collect a debt, pursuant to 15 U.S.C § 1692e.

3  The Defendant's acts and omissions intended to harass the Plaintiff in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692d by continuously contacted Plaintiff via telephone.

4  The Defendant violated the FDCPA by causing the Plaintiffs telephone to ring repeatedly pursuant to 15 U.S.C. § 1692d.

5  The Defendant violated the FDCPA by continuing to contact Plaintiff in an attempt to collect a debt despite being informed of legal representation pursuant to 15 U.S.C. § 1692c.

6  The Defendant violated the FDCPA by engaging in conduct the natural consequence is to harass pursuant to the preface of 15 U.S.C. § 1692d, when it continuously contacted the Plaintiff via telephone.

7  As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

### Prayer for Relief

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5218 S. East Street, Suite E1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320

Email: steinkamplaw@yahoo.com